[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the above-captioned case the plaintiff, DeCarlo Doll, Inc., an engineering firm, seeks to recover from the defendant, Harvey Gordon, upon an oral agreement to perform services in connection with the defendant's exploration of a possible development project.
Upon an oral motion, the court permitted the plaintiff to amend its complaint to conform with the proof that the services at issue were performed in 1988, not 1990.
The defendant admitted at trial that in 1988 he asked the plaintiff to perform work related to a possible development project in Southbury that involved multiple parcels of land. The scope of the work to be performed is in dispute. The defendant testified that he had engaged the plaintiff "to assist us in developing the property". When asked the purpose of the contract, he testified "to pay for services rendered in doing the work." CT Page 14462 The court finds that the terms of the oral agreement, as confirmed by a letter in which the plaintiff set forth the billing arrangements, were that the plaintiff would try to obtain data previously collected by a soil engineer, Mr. Black, with whom the defendant had a billing dispute, and use that data to investigate the characteristics of the land identified by the defendant. The plaintiff agreed to perform a review of the data obtained. The plaintiff agreed that upon completing that review, it would give the defendant a proposal for the preparation of an A-2 survey. (Ex A.)
The plaintiff's employees visited the site, discussed the project with the defendant, obtained some materials concerning soil samples from Mr. Black and performed some preliminary review work. On November 2, 1988 the plaintiff issued a bill in the amount of $3,538.00 for work performed through October 27, 1988. That bill was not paid. The plaintiff performed other work in November and December 1988 and was not paid for those monthly billings. It therefore ceased work, with an outstanding balance of $6,808.50 Half that amount was paid in March 1990 by a third party with whom the defendant had apparently agreed to split the engineering costs. The plaintiff has not been paid the remaining $3,404.00.
The defendant does not contest that services were rendered as reflected in the bills in evidence. Though a special defense was filed on his behalf alleging that he was not a party to the oral contract, Mr. Gordon testified at trial that he and not some other entity had entered into the agreement with the plaintiff. Neither Mr. Gordon nor any other witness testified that Mr. Gordon had been acting for and had disclosed that he was acting for another entity as a party to the agreement for services.
Defendant's counsel argued that payment was not due because no written report was delivered by the plaintiff to the defendant. The defendant failed to present evidence to support the claim that payment was conditioned on the receipt of a written report. He admitted receiving oral analyses from the plaintiff as the investigation progressed.
As a further special defense, the defendant has invoked the statute of frauds, General Statutes § 52-550(5), which precludes maintenance of a civil action to enforce an oral agreement "that is not to be performed within one year from the making thereof. No evidence was presented to support a finding CT Page 14463 that the services requested by the plaintiff were not to be performed within a year.
The plaintiff has proved its claim of non-payment for services rendered to the defendant pursuant to an oral agreement. The special defenses have not been proven.
Judgment shall enter in favor of the plaintiff in the amount of $3,404.00. The plaintiff shall recover its statutory costs.
Beverly J. Hodgson Judge of the Superior Court